USA v. Taliaferro                              08-CR-007-SM  09/01/09

UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                   Criminal No. 08-cr-7-1-SM
                                          Opinion No. 2009 DNH 131
Wanjira Taliaferro


                           **O R D E R**


     In this case, the government has effectively removed the

court from the sentencing process, and dictated the sentence to

be imposed.  Exercising its considerable charging discretion in

the context of applicable statutory mandatory minimum sentences,

the government extended an offer that the defendant could hardly

refuse:  be subjected to a mandatory minimum sentence of 20 years

in prison, or accept a binding plea agreement providing for a

sentence of 15 years (based upon a drug charge carrying a

mandatory minimum of 10 years, with the government declining to

file a notice of prior conviction under 21 U.S.C. § 851, which

would trigger the mandatory sentence of at least 20 years).


     The plea agreement is not binding upon the court, which is

free to reject the agreement as calling for a sentence that is

too severe under all the circumstances, and in light of the

sentencing factors set out in 18 U.S.C. § 3553(a).  But, were the

court to take that action, mandatory imposition of the even more

severe sentence of 20 years may prove unavoidable, should the government elect to withdraw from the agreement and file a Section 851 information. In other words, if the court rejects the negotiated 15-year sentence as too severe, it might well be required to impose a 20-year sentence.

The offense conduct here is serious, and warrants serious punishment. A tough sentence is necessary both to serve the interests of specific and general deterrence, as well as to protect the public from future similar crimes by this defendant. Nevertheless, 15 years in prison is too severe a sentence for this defendant in this case.

Defendant is thirty-one years old and has one minor child. Her upbringing was bleak to say the least — she was physically and sexually abused, neglected, introduced to drug use by her own father (an addict), and was taught, as a minor, to deal drugs by her father. She is an addict as well. Defendant does have a prior federal drug offense conviction — when she was 18 years old. This case started out, as so many do, as a state prosecution. But the state case was dropped in favor of federal prosecution and its decidedly more severe and mechanical sentencing provisions. Since defendant's incarceration on these charges some two years ago she has been, essentially, a model

prisoner, working diligently at prison jobs, and successfully completing a difficult behavioral drug treatment program at the Strafford County House of Corrections as well as various vocational programs. Defendant has made substantial progress in dealing with her addiction and has demonstrated a genuine commitment to, and taken positive steps toward, rehabilitation. She has strong family support and stands a decent chance of successful reintegration into society and a law-abiding future.

Based upon this record, and for those reasons, the court would likely impose a sentence in the 8 to 10 year range, but for the applicable mandatory minimum, and certainly not more than 12 years. Therein lies the rub — if the court rejects the plea agreement without knowing whether the government will, in turn, withdraw from the plea agreement, imposition of a mandatory sentence even more severe than 15 years could result. That version of blind man's bluff is inconsistent with fundamental notions of justice and fairness, and the court chooses not to play.

The Department of Justice is headed by a new Attorney General who, consistently with the position of the new Administration, has publicly declared a change in policy and

approach both to the powder-crack cocaine disparity and mandatory minimum sentences:

> Although the Administration is still in its first months, we have already started to implement a data-driven, non-ideological approach to crime. For example, I have asked the Deputy Attorney General to conduct a comprehensive, evidence-based review of federal sentencing and corrections policy. Specifically, the group is examining the federal sentencing guidelines, the Department's charging and sentencing advocacy practices, mandatory minimums, crack/powder cocaine sentencing disparities, and racial and ethnic disparities in sentencing. The group is also studying alternatives to incarceration, and strategies that help reduce recidivism when former offenders reenter society. We intend to use the group's findings as a springboard for recommending new legislation that will reform the structure of federal sentencing.

Remarks as Prepared for Delivery by Attorney General Eric Holder at the 2009 ABA Convention, p.3, August 3, 2009.

This district also has a new United States Attorney. Given the publicly announced intent by the Department to take a new look at sentencing policy, particularly with respect to mandatory minimums and crack/powder disparities, and given the inflexible and seemingly out-of-step approach embodied in the plea agreement and underlying exercise of charging discretion in this case, I have directed that a copy of the sentencing hearing transcript be prepared and forwarded, along with this order, the presentence investigation report, and defendant's sentencing memorandum, to

the United States Attorney for his personal review and determination of the government's intent to withdraw or not withdraw from the plea agreement should the court impose a sentence substantially below that called for in the agreement.

As is perhaps obvious, the court will not reject the plea agreement if, in that event, the government intends to withdraw, file the Section 851 notice, and thereby trigger a 20-year mandatory sentence. Rather, the court will impose the 15 year sentence, with regret, but recognizing that, as a practical matter, it is completely without sentencing discretion to do otherwise, notwithstanding the promises of 18 U.S.C. § 3553(a).

Sentencing in this case will be rescheduled after the United States Attorney has had an opportunity to review and consider the issue and advises the court whether the government intends to withdraw from the plea agreement should a sentence substantially below 15 years be imposed.

      **SO ORDERED.**

                          _____
                          Steven J. McAuliffe
                          Chief Judge

September 1, 2009

cc:  Michael J. Zaino, Esq., AUSA
      Robert G. Daniels, Esq.
      Jeffrey S. Levin, Esq.